UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

METROPOLITAN LIFE INSURANCE COMPANY                                    PLAINTIFF

V.                                                                     NO. 3:04CV-51-JDM

BOYD WAYNE DOWNEY, JR., Administrator
of the Estate of Boyd Wayne Downey,
RUBY McINTOSH,
AND
JUDITH JENKINS (f/k/a Judith F. Downey)                                DEFENDANTS

## MEMORANDUM OPINION

This is a dispute about who is entitled to receive the proceeds of a life insurance policy purchased by Boyd Wayne Downey. Ruby McIntosh, who was Mr. Downey's alleged fiancée at the time of his death, asserts that she is entitled to the full amount of the benefits. Boyd W. Downey, Jr., Mr. Downey's son and the administrator of his estate, asserts that Ms. McIntosh is entitled to no more than ten percent of the proceeds. Ms. Jenkins, Mr. Downey's ex-wife, has made no claim, but was originally named as a defendant out of an abundance of caution by Metropolitan Life Insurance Company, the administrator of the policy.

Both Mr. Downey's son and Ms. McIntosh have filed briefs in support of their respective claims.[1] Each has also filed a response to the other's brief. After considering the arguments presented in each, reviewing the attached exhibits, and being otherwise sufficiently advised, the court concludes that Mr. Downey intended to designate Ms. McIntosh as the sole and full

---

[1]Although the briefs are not officially designated as motions for summary judgment, they will be treated as such, because they were filed in response to the court's order establishing a dispositive motion deadline. *See* docket no. 19.

beneficiary of the proceeds of his life insurance policy with Metropolitan, and that he substantially complied with the requirements for designating her as a beneficiary.

## I.

Mr. Downey was a former employee of General Electric Company who participated in its life insurance program ("the Plan"), which is an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"). Metropolitan Life is the claims fiduciary of the plan.

Mr. Downey's original (and sole) beneficiary of his life insurance proceeds was his wife at the time, Judith (n/k/a Judith Jenkins). They subsequently divorced, however, and on July 5, 2002, Mr. Downey completed and executed a "GE Benefits Plans Beneficiary Designation Form" naming Ruby McIntosh as his new beneficiary (*see* Exhibit A, attached hereto). Ms. McIntosh was the only name listed in the primary beneficiaries section and there were no contingent beneficiaries listed. Mr. Downey correctly identified her address, but did not list her correct social security number. In addition, although the form stated that an allocation percentage needed to be specified if more than one beneficiary were named (thus implying that no percentage need be listed if only one beneficiary were named), Mr. Downey specified an allocation percentage for Ms. McIntosh. That putative allocation is the source of much of the disagreement in this matter.

A typographical representation of how the allocation percentage was written is as follows: 100/0. Mr. Downey's son argues that the figure should be interpreted as 10%. Ms. McIntosh asserts that it is more properly read as 100%, with a missing upper half of the percent symbol. Mr. Downey's son asserts that, because of the one actual and one putative error, his father did not

effectively change his beneficiary designation. He raises the alternate argument that, even if his father did change his beneficiary designation, he intended to allot Ms. McIntosh no more than ten percent of the benefits. For her part, Ms. McIntosh argues that the designation of her as a beneficiary was total and complete.

## II.

The issue before this court is thus whether, as a matter of law, Mr. Downey effectively changed his beneficiary designation.[2] Under ERISA, a "beneficiary" is a "person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). The terms of Mr. Downey's Plan provide, in relevant part,

> In the event of your death from any cause, the amount of your Life Insurance then in force will be payable to the beneficiary designated by you. You may change your beneficiary at any time. Any designation of beneficiary or any change of beneficiary should be made in a form acceptable to the carrier and must be filed with the records maintained by Corporate Benefits Delivery.

In this matter, Mr. Downey clearly attempted to designate Ms. McIntosh as his primary beneficiary by executing the GE Benefits Plan Beneficiary Designation form on July 5, 2002, and delivered the form to his corporate benefits administrator, who accepted and filed it. It is also clear, however, that Mr. Johnson made one certain and one arguable error in executing the form. The question, therefore, is whether the attempted beneficiary designation was effective,

---

[2]In its complaint in interpleader, Metropolitan Life Insurance Company also asserts that Mr. Downey's son has also contested the validity of the beneficiary designation due to alleged undue influence and Mr. Downey's alleged incompetence at the time the form was signed. *See* docket no. 1 at ¶ 16. Although raised by Metropolitan Life, that issue has not been litigated by Mr. Downey's son in this action and is, therefore, waived.

notwithstanding those errors.

To answer the question before it, the court must first determine the controlling law. The Plan is governed by ERISA, but ERISA does not contain any provisions specifically addressing whether an insured effectively has changed his beneficiary designation, or, for that matter, generally addressing disputes among claimants. The claimants thus assert that this court should look to principles of Kentucky law.

ERISA, however, generally preempts all state laws "insofar as they may now or hereafter relate to any employee benefit plan" which is subject to ERISA. *See* 29 U.S.C. § 1144(a). The Sixth Circuit has held that "claims touching on the designation of a beneficiary of an ERISA - governed plan fall under ERISA's broad preemptive reach and are consequently governed by federal law." *Tinsley v. General Motors Corp.*, 227 F.3d 700, 704 (6th Cir. 2000).

Since the question of whether Mr. Downey effectively changed his beneficiary is preempted by ERISA, the court must "look to either the statutory language or, finding no answer there, to federal common law." *Id.* (internal citation omitted). ERISA does not contain any provisions regulating the problem of allegedly ineffective beneficiary designations, the court must look to federal common law. At least two circuits and one other district court in the Sixth Circuit have recognized the following test as the federal common law with respect to beneficiary designations: "an 'insured substantially complies with the change of beneficiary provisions of an ERISA life insurance policy when the insured: (1) evidences his or her intent to make the change and (2) attempts to effectuate the change by undertaking positive action which is for all practical purposes similar to the action required by the change of beneficiary provisions under the policy.'" *See Metropolitan Life Ins. Co. v. Johnson*, 297 F.3d 558, 566 (7th Cir. 2002)(citing

*Phoenix Mutual Life Ins. Co. v. Adams*, 30 F.3d 554, 559 (4th Cir. 1994); *see also Life Ins. Co. of North America v. Leeson*, 2002 WL 483563, *6 (S.D. Ohio 2002). Mindful of the need to ensure uniformity in ERISA jurisprudence, and finding nothing to dissuade it in the opinions of the Sixth Circuit, this court will follow the federal common law test articulated in *Phoenix*, as well.

Applying the *Phoenix* test, the court must determine whether Mr. Downey substantially complied with the instructions on the GE Benefits Plans Beneficiary Designation Form by evidencing his intent to change his beneficiary and by undertaking positive action to effect the change pursuant to the terms of his policy. There is no dispute that Mr. Downey signed not just any form, but the official GE Benefits Plans Beneficiary Designation Form, and delivered that official form to the appropriate recipient at GE. The form is stamped as received on July 15, 2002, the plan administrator had the form in its files when Mr. Downey died, and, equally importantly, the plan administrator generated a Beneficiary Designation Statement on July 23, 2002 (*see* Exhibit B, attached hereto). Although Ms. McIntosh's social security number was incorrect on the form, her address at the time the form was completed was correctly listed.

In addition, after viewing the form, the court concludes that the percentage allocation was intended to be one hundred percent, and that the most reasonable interpretation of the form is that Mr. Downey merely inadvertently left out the top portion of the percent symbol. The court reaches this conclusion because the two zeros nearest the number one in the putative "100%" are of roughly equal size, while the trailing zero after the slash is noticeably smaller. In addition, the form states that the total of any listed percentages must equal one hundred and there were no other primary beneficiaries listed. If Ms. McIntosh was intended to receive only a 10% allocation, why did Mr. Downey not name any other beneficiaries? Moreover, there is no

evidence that Mr. Downey took any steps to dispute the Beneficiary Designation Statement, which listed Ms. McIntosh as the primary beneficiary on existing benefit plans, with a 100% designation for each. Mr. Downey was sent the Beneficiary Designation Statement on July 23, 2002, and it listed Ruby McIntosh as the sole, primary, 100% beneficiary of all of Mr. Downey's benefits plans, including his life insurance. The Beneficiary Designation Statement correctly lists the designation date as July 5, 2002, which is the date that Mr. Downey signed his beneficiary designation form. Mr. Downey did not die until June 24, 2003. Thus, he had almost exactly eleven months to clear up any misunderstanding regarding his beneficiary designation. He did not. It thus clearly appears that the second zero was intended to be the final digit in "100," rather than the first portion of a "%" symbol.

### III.

Although the court is not unmindful of the feelings of Mr. Downey's adult children, it cannot in good faith reach any conclusion other than this: Mr. Downey substantially complied with his ERISA plan's requirements for changing his beneficiary. He evidenced his intent to make the change and attempts to effectuate the change by undertaking positive action that was for all practical purposes what was required by the change of beneficiary provisions under the policy. Accordingly, the court concludes that Ms. McIntosh is the appropriate recipient of the funds deposited in the Court Registry by Metropolitan Life Insurance Company, plus any interest accrued thereon.

The court will enter a separate order consistent with this memorandum opinion.

DATE: September 26, 2005

_James D. Moyer_
HON. JAMES D. MOYER, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

cc: counsel of record